FILED

May 19 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0486

DA 13-0486

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2015 MT 138N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

WILLIAM ROBERT CURRY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DC 12-292
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Chad R. Vanisko, Assistant
          Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Bureau
          Chief, Appellate Services Bureau; Helena, Montana

          John W. Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  April 22, 2015
Decided:  May 19, 2015

Filed:

                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A jury in the Eighth Judicial District Court, Cascade County, convicted William Robert Curry (Curry) of driving under the influence of alcohol and driving with a suspended driver's license. Curry now appeals, seeking to have his convictions vacated and the case remanded for a new trial. We affirm. We address two issues on appeal: (1) whether the District Court committed reversible error in permitting the State toxicologist to testify by two-way video; and (2) whether sufficient evidence was presented at trial to support the jury's verdict.

¶3 On June 23, 2012, Sandy Derry (Derry) observed a man staggering toward his vehicle outside the Electric City Speedway in Great Falls. The man was unable to get the driver's side door of the vehicle open and entered the vehicle through the passenger side, before driving away. Derry called 911 and proceeded to follow the vehicle. While on the phone with the 911 operator Derry provided additional information concerning the man's erratic driving. Derry followed the man to a motor home residence where she observed the man leave the vehicle and stumble into the home. When officers arrived at the residence, they knocked on the door and Curry answered. The officers noted that

2

Curry was unsteady on his feet, smelled of alcohol, and his eyes were glassy and bloodshot. Curry admitted to the officers that he had been at the racetrack that day, and had consumed "at least a few beers" prior to leaving. The officers asked Curry to perform standardized field sobriety tests. Curry's performance on the tests exhibited indications of intoxication. After the officers read Curry a written advisory, Curry consented to a blood sample, revealing 0.20 grams of alcohol per 100 milliliters of whole blood. At trial, the District Court permitted Lynn Kurtz, a toxicologist from the State Crime Lab, to testify by two-way video rather than requiring him to testify in person. The court did not provide findings in support of this ruling regarding the important public policy that permitted Kurtz to testify in such a way.

¶4 Curry argues the District Court erred in allowing Kurtz to testify by two-way video. The State offers that although the District Court's arrangement, permitting live video testimony, met most requirements established by the U.S. Supreme Court for Confrontation Clause purposes, there was no evidence placed in the record to support a conclusion that it was necessary to permit the live two-way video testimony in order to further public policy considerations, and therefore concedes the court erred. Nonetheless, the State contends the error was harmless. In view of the State's concession, we proceed to an analysis of harmless error.

¶5 If tainted evidence was admitted to prove an element of the offense, in this case that Curry was under the influence, the State must: (1) direct the Court to admissible evidence that proves the same facts as the tainted evidence, and (2) demonstrate that the

quality of the tainted evidence was such that there was no reasonable possibility that it contributed to the defendant's conviction. *State v. McOmber*, 2007 MT 340, ¶ 26, 340 Mont. 262, 173 P.3d 690.

¶6 We conclude sufficient evidence exists to meet the harmless error standard. The State notes several pieces of evidence, aside from the testimony of Kurtz, which demonstrated Curry was intoxicated, including: (1) Derry's testimony at trial, (2) Curry's poor performance on the field sobriety tests, (3) the observations of the officers, and (4) Curry's admission to drinking alcohol. Further, at trial, Lay's defense counsel stated: "I'm not disputing that [Curry] was very intoxicated that night." Since Kurtz' testimony was offered for the purpose of proving that Curry was under the influence of alcohol, we hold that the District Court did not commit reversible error under these circumstances by permitting him to testify by two-way video.

¶7 Next, Curry argues the State presented insufficient evidence to convict him of either of the two charged offenses, contending the State did not present evidence to show he was in actual physical control of the vehicle. Curry reasons he "was never identified as the driver of the vehicle by Derry, who was the only witness who could have seen the driver of the vehicle she followed after making the 911 call." We review the jury's verdict "to determine whether sufficient evidence supports it, not whether the evidence supports a different conclusion or verdict." *State v. Jackson*, 2009 MT 427, ¶ 23, 354 Mont. 63, 221 P.3d 1213. This Court does "not substitute our judgment for that of the jury, and will assume every fact which the jury could have deduced from the evidence."

*Jackson*, ¶ 23.   A review of the trial transcripts reveals that, contrary to Curry's representation on appeal, Derry identified Curry as the driver of the vehicle, and testified accordingly at trial.   Therefore, the State presented direct evidence demonstrating Curry was in actual physical control of the vehicle.   We conclude sufficient evidence was presented to support the jury's verdict.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.   In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9      Affirmed.


/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA